744 F.2d 768
 36 Fair Empl.Prac.Cas. 22, 35 Empl. Prac.
Dec. P 34,736,
20 Ed. Law Rep. 408
 Anthony T. LEE, et al., Plaintiffs,
United States of America, Plaintiff-Intervenor and Amicus Curiae,
National Education Association, Inc., Chanchal Narang and
Edward G. Barnes, Plaintiffs-Intervenors,
Leon Crenshaw, Margie Walker, Plaintiffs-Intervenors/Appellants,
v.
RUSSELL COUNTY BOARD OF EDUCATION, et al., Defendants-Appellees.
 No. 83-7505.
 United States Court of Appeals,
Eleventh Circuit.
 Oct. 18, 1984.
 
 1
 Solomon S. Seay, Jr., Montgomery, Ala., for Crenshaw, et al.
 
 
 2
 Ronald G. Davenport, James R. McKoon, Phenix City, Ala., for defendants-appellees.
 
 
 3
 Appeals from the United States District Court for the Middle District of Alabama.
 
 
 4
 Before KRAVITCH and JOHNSON, Circuit Judges, and ALLGOOD*, District Judge.
 
 ALLGOOD, District Judge:
 
 5
 This case is before this court a second time on appeal. The case originated with a motion for further relief filed by the National Education Association on behalf of two non-tenured black teachers, Leon Crenshaw and Margie Walker, the appellants.[1] The motion contended that the Russell County [Alabama] Board of Education had failed to rehire Crenshaw and Walker in violation of both 42 U.S.C. Sec. 1983 and a prior court order in the case that employment decisions be made without regard to race. After a three-day trial in August 1980, the district court held that the plaintiffs had not met their burden of proving by a preponderance of the evidence that the Russell County Board of Education's decision not to reemploy them as teachers at Chavala High School was based on race. In Lee v. Russell County Board of Education, 684 F.2d 769 (11th Cir.1982), a panel of this court reversed the district court, holding that the trial court applied an incorrect legal analysis to the facts and that the trial court's findings of fact were inadequate. The court of appeals instructed the district court that on remand it should decide whether plaintiffs' direct evidence proves that race or retaliation for support of racial minorities was a significant factor in the Board's action and, if so, whether the Board proved that it would have taken the same action absent racial factors. The appellate court further directed that if the direct evidence does not prove discrimination, then the district court should analyze the discrimination claims under the structure outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).
 
 
 6
 Because the district court carefully followed the guidelines set for it by this court in Lee v. Russell County Board of Education, supra, and because this court finds no clear error in the trial court's Findings of Fact and Conclusions of Law, we affirm.
 
 I.
 
 7
 On August 22, 1979, a motion for further relief in Civil Action No. 79-129-E, Lee v. Russell County, et al., was filed in the United States District Court for the Middle District of Alabama by the National Education Association on behalf of Leon Crenshaw. This motion alleged that the Russell County Board of Education had failed to rehire Leon Crenshaw, a non-tenured black teacher and coach, for racial reasons. The motion was amended on September 27, 1979, to include Margie Walker, another non-tenured black teacher who had not been rehired.
 
 
 8
 The case was tried before Judge Robert E. Varner without a jury on August 21-23, 1980. At the conclusion of trial Judge Varner ruled in favor of the defendants. Findings of Fact and Conclusions of Law were entered on September 18, 1980 and were supplemented, pursuant to a motion for more specific findings, on October 3, 1980.
 
 
 9
 Plaintiffs appealed to the Eleventh Circuit Court of Appeals which vacated and remanded the case for further proceedings not inconsistent with its opinion on September 1, 1982. The trial court offered all parties the opportunity to submit supplementary evidence; none was submitted.
 
 
 10
 On August 15, 1983, the district court entered an order dismissing the claims set out in the motion for further relief and further ordered, adjudged and decreed certain Findings of Fact and Conclusions of Law. Appellants filed this appeal from that order.
 
 II.
 
 11
 On remand the district court reviewed and reconsidered the evidence in the case and carefully followed the instructions of this court. The district court found that the preponderance of the evidence did not prove that race or retaliation for support of racial minorities had been a significant factor in the Board's decision not to renew the employment contracts of Walker and Crenshaw.
 
 
 12
 The court found that there had been a number of complaints about Crenshaw which included mishandling of funds, absence from the classroom and absence from coaching functions. There was also testimony concerning Walker's difficulty with spelling and grammar. The district court observed that the plaintiffs' witnesses did not deny that Crenshaw was often out of his classroom during classes and had, on occasion, failed to account properly for school funds, nor did they deny that Walker, an English teacher, had trouble with spelling and grammar.
 
 
 13
 The court observed that actions and statements of Board members that had been characterized as discriminatory did not, in fact, show discrimination. The court found that the opinions of the Russell County Superintendent of Education and the principal at Chavala High School (Edward G. Barnes, one of the plaintiffs) were questionable because of their bias and interest and noted that there was conflict between these two men and the Board of Education.
 
 
 14
 After considering the testimony and rejecting the direct evidence of discrimination, the trial court proceeded to determine whether the plaintiffs had met the elements of the McDonnell Douglas test. It held that while the plaintiffs proved that they were members of a protected class, were qualified for the positions held due to their scholastic achievements, and were discharged, the evidence failed to support the fourth prong of the test. The court concluded that even if evidence was presented that Crenshaw or Walker was replaced by a person outside of the protected class, there was no evidence presented that either of the two was discharged while a person outside of the class with equal or lesser credentials was retained. Thus, the plaintiffs failed to establish a prima facie case of discrimination. The court further found that even if the plaintiffs had established a prima facie case, the defendants articulated and proved legitimate, nondiscriminatory reasons for the nonrenewals, and it found that the plaintiffs would not have been renewed absent any unconstitutional factors.
 
 III.
 
 15
 Both parties agree that we must review the district court's finding of no discrimination under the clearly erroneous standard. See Pullman-Standard v. Swint, 456 U.S. 273, 102 S.Ct. 1781, 1789, 72 L.Ed.2d 66 (1982). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). "The appellate court must be especially reluctant to disregard a factual finding based upon the evaluation of testimony that draws credibility into question ...; it may not consider the evidence anew ...; and merely because it might have reached a different result on the same evidence will not justify its setting the district court's findings aside." Scott v. Moore, 680 F.2d 979, 1001-02 (5th Cir.1982) (former Fifth Circuit en banc) (citations omitted).
 
 
 16
 In this case, the testimony concerning discrimination was conflicting, and we must give due regard to the opportunity of the trial court to judge the credibility of the plaintiffs' and defendants' witnesses. See United States v. Second National Bank of North Miami, 502 F.2d 535, 547 (5th Cir.1974), cert. denied, 421 U.S. 912, 95 S.Ct. 1567, 43 L.Ed.2d 777 (1975). The trial judge determined that the testimony of Superintendent Richards and Principal Barnes that race was a factor in the Board's decision was questionable because of their bias and interest. The court's opinion notes that at the time of plaintiffs' dismissal, three non-tenured white teachers, one non-tenured Indian teacher, and one white principal were also not reemployed. After the non-renewal of the plaintiffs, the number and percentage of black teachers at Chavala High School actually increased. The trial court also found that the testimony of a tenured black teacher at Chavala, a non-tenured black teacher at Chavala, the Chavala school secretary, a former coach, two white teachers at Chavala, a former principal at Chavala, and three board members who voted not to renew the plaintiffs' employment contracts contradicted or did not support the plaintiffs' allegations of either racial discrimination or of retaliation for Barnes' support for blacks.
 
 
 17
 "Where the trial court has decided to weigh the evidence more heavily for plaintiffs, a choice between two permissible views of the weight of the evidence is not clearly erroneous." Dickens v. United States, 545 F.2d 886, 890 (5th Cir.1977). The trial court concluded that the nondiscriminatory reasons given by the Board for the nonrenewals were true. On the record before us, we cannot say that the district court's finding that there was no proof that race or retaliation for support of racial minorities was a significant factor in the Board's decision not to reemploy Crenshaw or Walker is clearly erroneous.
 
 
 18
 Similarly, we do not find that the district court was clearly erroneous in holding that plaintiff's evidence did not prove a case of discrimination under McDonnell Douglas. The trial court held, and appellants do not dispute, that there was no evidence that Crenshaw or Walker was discharged while a person outside of the protected class with equal or lesser qualifications was retained. See Lee, 684 F.2d at 775, n. 11 ("There is no evidence concerning the relative qualifications of those retained, and Crenshaw is the only one shown to have been replaced by a nonminority person.") Even assuming proof of a prima facie case, the district court also found that defendants articulated and proved by a preponderance of the evidence legitimate, nondiscriminatory reasons for nonrenewal, thus rebutting the inference of discrimination arising from any presumed prima facie case of discrimination.
 
 
 19
 Lacking a definite and firm conviction that the district court erred in finding that the preponderance of the evidence does not prove that race or retaliation for support of racial minorities was a significant factor in the Board's decision not to renew the employment contracts of Crenshaw and Walker or that the court erred in finding that plaintiffs failed to establish a prima facie case of discrimination under the McDonnell Douglas structure, we hold that the judgment of the district court is
 
 
 20
 AFFIRMED.
 
 
 
 *
 Honorable Clarence W. Allgood, U.S. District Judge, for the Northern District of Alabama, sitting by designation
 
 
 [1]
 The other complainants in the employment discrimination case were Chanchal Narang, a teacher, and Dr. Edward G. Barnes, the principal at Chavala High School. Barnes and Narang have not appealed the latest decision of the trial court and are not parties to this appeal